### TARPY *v.* CRUTCHFIELD ET AL.

JUSTICE OF THE PEACE.—*New Trial.—Appeal.*—Where a judgment is rendered by a justice of the peace, and a new trial is granted, and afterward on motion the order granting a new trial is set aside, and a new judgment rendered, and an appeal is taken, the appeal is from the new judgment, and not from the order setting aside the granting of a new trial.

SAME.—*Costs on New Trial.*—A party paying the costs to obtain a new trial, and afterward succeeding on appeal, cannot recover back the costs paid to obtain the new trial.

APPEAL from the Hendricks Common Pleas.

DOWNEY, J.—Suit by the appellant, against the appellees, before a justice of the peace. There was a trial, and judgment for the plaintiff. This judgment was afterward set

aside, and a new trial granted, on the application of the defendants, and on payment of costs, within four days. On the day set for the second trial, on motion of the plaintiff, the order of the justice granting the new trial was set aside, and a new judgment for the same amount, and the costs which had accrued since the rendition of the first judgment, was rendered. From this judgment the defendants appealed to the common pleas. In that court the plaintiff moved to set aside the order of the justice of the peace granting a new trial; which motion was overruled; and the plaintiff excepted. The cause was then-tried by the court, and there was a finding for the defendants. The plaintiff moved for a new trial, for the reasons, first, that the .court had refused to set aside the order of the justice of the peace granting a new trial; and, second, that the decision of the court in overruling that motion was contrary to law. This motion was overruled. Thereupon the court rendered judgment against the plaintiff "for the costs that had accrued in said suit before the justice of the peace and in said court of common pleas, including the costs paid to the justice of the peace by the defendants, amounting to seven dollars and ten cents," being the costs paid to obtain said new trial.

The errors assigned here are, first, that the court erred in refusing to set aside the order of the justice of the peace granting said new trial; second, in taxing the costs paid by the defendants to obtain the new trial before the justice of the peace, against the plaintiff; third, in overruling the motion for a new trial.

We are unable to see anything in the question made with reference to the refusal of the common pleas to set aside the order of the justice of the peace granting the new trial. That order was set aside by the justice of the peace, and a new judgment rendered by him for the plaintiff, and it was from this new judgment that the appeal was taken, and not, as counsel for appellant seems to think, from the order setting aside the granting of the new trial. This disposes of the first and third assignments of error.

The second assignment of error raises a question of some interest. It is this: Where a party has been required to pay, and has paid, costs to obtain a new trial, and is afterward successful in the case, can he recover from his adversary the costs so paid by him to obtain the new trial? We think he cannot. The case is like that where a party is required to and does pay the costs occasioned by a continuance, to obtain the same. In neither case can the costs so paid ever again be taxed in the cause, or recovered by the party paying, no matter what may be the result of the case.

The judgment is affirmed, except as to the costs so paid by the defendants for the new trial before the justice. As to them, it is reversed, with costs.

*C. C. Nave*, for appellant.
*C. Foley*, for appellees.

